**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern    District of    New York
                                              (State)

Case number (*If known*): _____    Chapter  11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Angelica Corporation |
| **2.** | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names, and *doing business as* names | Angelica <br> Angelica Healthcare <br> Angelica Image Apparel |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 43-0905260 |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 1105 Lakewood Parkway, Suite 210 <br> Number    Street | <br> Number    Street |
| <br> P.O. Box | <br> P.O. Box |
| Alpharetta    Georgia    30009 <br> City    State    ZIP Code | <br> City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Fulton <br> County | <br> Number    Street |
| | <br> City    State    ZIP Code |

**5. Debtor's website** (URL)    www.angelica.com

**6. Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

| 7. | Describe debtor's business | A. *Check one:* |
|---|---|---|

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))  
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))  
☐ Railroad (as defined in 11 U.S.C. § 101(44))  
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))  
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))  
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))  
☒ None of the above

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)  
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)  
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

4234

| 8. | Under which chapter of the Bankruptcy Code is the debtor filing? | *Check one:* |
|---|---|---|

☐ Chapter 7  
☐ Chapter 9  
☒ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| 9. | Were prior bankruptcy cases filed by or against the debtor within the last 8 years? If more than 2 cases, attach a separate list. | ☒ No ☐ Yes | District _____ When _____ MM/ DD/ YYYY Case number _____ |
|---|---|---|---|
|  |  |  | District _____ When _____ MM / DD/ YYYY Case number _____ |

| 10. | Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor? List all cases. If more than 1, attach a separate list. | ☐ No ☒ Yes | Debtor See attached Schedule 1    Relationship See attached Schedule 1 |
|---|---|---|---|
|  |  |  | District See attached Schedule 1    When See attached Schedule 1 MM / DD/ YYYY |
|  |  |  | Case number, if known _____ |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number   Street

_____  _____  _____
City          State          ZIP Code

**Is the property insured?**
☐ No
☐ Yes. Insurance agency _____
Contact Name _____
Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

**Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  April 3, 2017
            MM / DD / YYYY

✖  /s/ John Makuch                                    John Makuch
   Signature of authorized representative of debtor   Printed name

   Interim Chief Financial Officer
   Title                                              Title

**18. Signature of attorney**

✖  /s/ Matthew S. Barr                         Date    April 3, 2017
   Signature of attorney for debtor                    MM / DD / YYYY

   Matthew S. Barr
   Printed Name

   Weil, Gotshal & Manges LLP
   Firm Name

   767 Fifth Avenue
   Number          Street

   New York, New York 10153
   City/State/Zip

   (212) 310-8000
   Contact phone

   matt.barr@weil.com
   Contact email address

   2800175           NY
   Bar Number        State

## Schedule 1

Pending Bankruptcy Cases Filed by Debtor and Affiliates of Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of **Angelica Corporation**.

| COMPANY | CASE NUMBER | DATE FILED | DISTRICT |
|---|---|---|---|
| Angelica Textile Services, Inc. (New York) | 17-_____( ) | April 3, 2017 | S.D.N.Y. |
| Angelica Corporation | 17-_____( ) | April 3, 2017 | S.D.N.Y. |
| Clothesline Holdings, Inc. | 17-_____( ) | April 3, 2017 | S.D.N.Y. |
| Angelica Textile Services, Inc. (California) | 17-_____( ) | April 3, 2017 | S.D.N.Y. |
| Royal Institutional Services, Inc. | 17-_____( ) | April 3, 2017 | S.D.N.Y. |

# ANGELICA CORPORATION

## CERTIFICATE OF CORPORATE SECRETARY

April 2, 2017

I, Jonathan Blake, being the duly elected and authorized Corporate Secretary of Angelica Corporation (the "**Company**") hereby certifies as follows:

A. I am a duly qualified and elected officer of the Company and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company;

B. Attached hereto is a true, correct, and complete copy of the resolutions of the Board of Directors of the Company, duly adopted and approved on April 2, 2017, in accordance with each Company's bylaws; and

C. Such resolutions have not been amended, altered, annulled, rescinded, modified or revoked since their adoption and remain in full force and effect as of the date hereof. There exist no subsequent resolutions relating to the matters set forth in the resolutions attached hereto.

**IN WITNESS WHEREOF**, the undersigned has executed this certificate as of the 2nd day of April, 2017.

/s/ Jonathan Blake
Name:   Jonathan Blake
Title:    Corporate Secretary

**RESOLUTIONS OF THE BOARD OF DIRECTORS OF
ANGELICA CORPORATION**

**April 2, 2017**

Effective as of this 2nd day of April, 2017, pursuant to a special meeting on the same date, the members constituting at least a majority of the votes of a quorum of the board of directors (the "**Board**") of Angelica Corporation, a Missouri corporation (the "**Company**"), upon a motion duly made and seconded and acting pursuant to the Company's organizational documents, took the following actions and adopted the following resolutions:

**WHEREAS**, the Board of the Company has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's businesses;

**WHEREAS**, the Board of the Company has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, the Board of the Company desires to approve the following resolutions.

**I.     Commencement of Chapter 11 Case**

**NOW, THEREFORE, BE IT RESOLVED**, that the Board has determined, after consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that David A. Van Vliet, John Makuch, or Jonathan Blake (each, an "**Authorized Officer**") in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and under its corporate seal or otherwise, all petitions, schedules, motions, lists, applications, pleadings, and other papers in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case (the "**Chapter 11 Case**"), including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments in connection with the chapter 11 filing and professional retentions set forth in these resolutions; and be it further

**II.    Debtor-in-Possession Financing**

**RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interest of the Company to engage in, and the Company will obtain benefits from, the lending transactions under that certain senior secured debtor-in-possession asset-based lending term loan credit facility in an aggregate principal amount of approximately $65,000,000 to be evidenced by that certain Senior Secured Debtor-in-Possession Credit Agreement, to be entered into by and among the Company and its affiliates identified therein, as Borrowers, the financial institutions party thereto from time to time, as Lenders and Wells Fargo Capital Finance, LLC, as Agent (together with the Exhibits and Schedules annexed thereto, the "**DIP Credit Agreement**") (capitalized terms used in this section with respect to debtor-in-possession financing and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement); in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct, promotion

and attainment of the business of the Company (the "**Debtor-in-Possession Financing**"); and be it further

    **RESOLVED**, that the form, terms and provisions of each of (i) the DIP Credit Agreement, including the use of proceeds to provide liquidity for the Company throughout the Chapter 11 Case, substantially in the form presented to the Board and (ii) any and all of the other agreements, including, without limitation, any guarantee and security agreement, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing (together with the DIP Credit Agreement, collectively, the "**DIP Financing Documents**") and the Company's performance of its obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

    **RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Credit Agreement and any other DIP Financing Documents, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the Agent or required by the DIP Credit Agreement and any other DIP Financing Documents; and be it further

    **RESOLVED**, that the Company be, and hereby is, authorized to incur the obligations under and to undertake any and all related transactions contemplated under the DIP Financing Documents including the granting of security thereunder (collectively, the "**DIP Financing Transactions**"); and be it further

    **RESOLVED**, that any Authorized Officer is hereby authorized to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP Financing Documents to secure all of the obligations and liabilities of the Company thereunder to the Lenders and the Agent, and to authorize, execute, verify, file and/or deliver to the Agent, on behalf of the Company, all agreements, documents and instruments required by the Lenders in connection with the foregoing; and be it further

    **RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Officer's judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Credit Agreement or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

    **RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, waivers of certain provisions of or other modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement and/or any of the DIP Financing Documents which shall, in such Authorized Officer's judgment, be necessary, proper or advisable; and be it further

**III.**  **Asset Purchase Agreement**

    **WHEREAS**, in connection with the Chapter 11 Case, the Board proposes to enter into that certain asset purchase agreement between the Company, KKR Credit Advisors (US) LLC and the other parties thereto (the "**Asset Purchase Agreement**"), on the terms and conditions set forth therein.

**WHEREAS,** the Board has reviewed and considered the Asset Purchase Agreement and believes that the Asset Purchase Agreement and the transactions contemplated thereby are in the best interest of the Company.

**RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interest of the Company to enter into the transactions contemplated by the Asset Purchase Agreement with an affiliate of KKR Credit Advisors (US) LLC as purchaser, substantially on the terms of the draft asset purchase agreement which has been provided to the Board and with such changes thereto as the Authorized Officer executing the same shall approve, and any other agreements, consents, certificates, amendments, assignments, and instruments in connection therewith (together with the Asset Purchase Agreement, the "**Purchase Documents**"), in each case subject to approval by the Bankruptcy Court; and be it further

**RESOLVED**, that the form, terms and provisions of the Purchase Documents and the Company's performance of its obligations thereunder, are hereby in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the Purchase Documents, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as such Authorized Officer executing the same considers necessary, appropriate, proper, or desirable to effectuate the transactions contemplated by the Purchase Documents; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Purchase Documents, which shall, in such Authorized Officer's judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the Purchase Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Purchase Documents which shall, in such Authorized Officer's judgment, be necessary, proper or advisable; and be it further

**IV.**     **Retention of Advisors**

**RESOLVED**, that firm of Houlihan Lokey Capital, Inc., located at 245 Park Avenue, 20th Floor, New York, New York 10167, is hereby retained as investment banker for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Alvarez & Marsal North America, LLC, located at 600 Madison Ave, 8th Floor, New York, New York 10022, is hereby retained as financial advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Prime Clerk LLC, located at 830 Third Avenue, 9th Floor, New York, New York 10022, is hereby retained as claims, noticing and administrative agent for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**V.**     **General Authorization and Ratification of Past Actions**

**RESOLVED**, that any and all actions taken by any Authorized Officer or the directors of the Company in the name and on behalf of the Company prior to the date of these resolutions that would have been authorized by these resolutions but for the fact that such actions were taken prior to the date of these resolutions be, and hereby are, authorized, ratified, confirmed, adopted and approved in all respects as the acts and deeds of the Company.

Fill in this information to identify the case:
Debtor name  Angelica Textile Services, Inc. (New York), et al.
United States Bankruptcy Court for the:  _____Southern_____ District of  __New York__
Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | MEDLINE INDUSTRIES INC<br>THREE LAKES DRIVE<br>NORTHFIELD, IL  60093 | CHARLIE MILLS<br>CHIEF EXECUTIVE OFFICER<br><br>Phone: (847) 949-5500<br>Fax: (847) 837-2765<br>Fax: (847) 949-2497 | Trade Debt | | | | $12,866,725 |
| 2 | HARBOR LINEN<br>2 FOSTER AVENUE<br>GIBBSBORO, NJ  08026 | EARL WAXMAN<br>CHIEF EXECUTIVE OFFICER<br><br>Phone: (856) 435-2000<br>Fax: (856) 346-4598<br>Email: EWAXMAN@HARBORLINEN.COM | Trade Debt | | | | $7,106,519 |
| 3 | SODEXO LAUNDRY SERVICES, INC.<br>9801 WASHINGTONIAN BLVD.<br>GAITHERSBURG, MD  20878 | MARC ROLLAND<br>CHIEF FINANCIAL OFFICER<br><br>Phone: (301) 987-4000<br>Fax: (301)-987-4438 | Litigation Settlement | | | | $1,825,000 |
| 4 | ECOLAB TEXTILE CARE<br>370 N. WABASHA STREET<br>ST. PAUL, MN  55102-2233 | DOUGLAS M. BAKER, JR.<br>CHIEF EXECUTIVE OFFICER<br><br>Phone: (800) 352-5326<br>Fax: (651) 225-3098<br>Email: DOUGLAS.BAKER@ECOLAB.COM | Trade Debt | | | | $1,224,503 |
| 5 | MED I PANT INC<br>9100 RAY LAWSON BOULEVARD<br>MONTREAL, QC  H1J 1K8 | MR. DAVID ARDITI<br>CHIEF EXECUTIVE OFFICER<br><br>Phone: (514) 356-1224<br>Fax: (514) 356-0055<br>Email: DRARDITI@MIP.CA | Trade Debt | | | | $1,110,897 |
| 6 | STANDARD TEXTILE INC<br>ONE KNOLLCREST DRIVE<br>CINCINNATI, OH  45237 | GARY HEIMAN<br>CHIEF EXECUTIVE OFFICER<br><br>Phone: (800) 999-0400<br>Fax: (513) 761-0467<br>Email: GHEIMAN@STANDARDTEXTILE.COM | Trade Debt | | | | $655,485 |
| 7 | STREAMLINE SOLUTIONS<br>2515 SHADER ROAD<br>ORLANDO, FL  32804 | DAVID ARKEILPANE<br>CO-OWNER<br><br>Phone: 866-244-7700<br>Fax: (866) 410-8675<br>Email: DARKEILPANE@STREAMLINESOLUTIONSUSA.COM | Trade Debt | | | | $552,092 |
| 8 | POSITEK RFID, LP<br>1210 STANBRIDGE STREET<br>SUITE 710<br>NORRISTOWN, PA  19401 | HERB MARKMAN<br>CHIEF EXECUTIVE OFFICER<br><br>Phone: (610) 275-2905<br>Fax: (610) 275-9703<br>Email: HMARKMAN@POSITEKRFID.COM | Trade Debt | | | | $517,290 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | FASHION SEAL UNIFORMS<br>10055 SEMINOLE BLVD.<br>SEMINOLE, FL 33772 | MICHAEL BENSTOCK<br>CHIEF EXECUTIVE OFFICER<br><br>Phone: (888) 491-5818<br>Fax: (888) 674-5317<br>Email: MBENSTOCK@SUPERIORUNIFORMGROUP.COM | Trade Debt | | | | $436,669 |
| 10 | PENSKE TRUCK LEASING INC<br>2675 MORGANTOWN ROAD<br>READING, PA 19607 | BRIAN HARD<br>CHIEF EXECUTIVE OFFICER<br><br>Phone: (610) 775-6000<br>Fax: (610) 775-6432 | Trade Debt | | | | $412,410 |
| 11 | AMERICAN ASSOCIATED CO INC<br>116 BETHEA ROAD<br>SUITE 424<br>FAYETTEVILLE, GA 30214 | LARRY MALLAM<br>PRESIDENT<br><br>Phone: (770) 719-4330<br>Fax: (770) 719-7577 | Trade Debt | | | | $395,625 |
| 12 | ENCOMPASS GROUP LLC<br>615 MACON STREET<br>MCDONOUGH, GA 30253 | ALAN DAVIS<br>CHIEF FINANCIAL OFFICER<br><br>Phone: (800) 284-4540<br>Fax: (770) 957-1888<br>Email: ALAN.DAVIS@ENCOMPASSGROUP.NET | Trade Debt | | | | $336,187 |
| 13 | PHOENIX TEXTILE CORPORATION<br>21 COMMERCE DR<br>O'FALLON, MO 63366 | LINDA HABERSTROH<br>PRESIDENT<br><br>Phone: (314) 291-2151<br>Fax: (314) 344-5786 | Trade Debt | | | | $246,582 |
| 14 | TINGUE BROWN AND COMPANY<br>309 DIVIDEND DR.<br>PEACHTREE CITY, GA 30269 | DAVID TINGUE<br>CHIEF EXECUTIVE OFFICER<br><br>Phone: (800) 829-3864<br>Fax: (770) 486-0975<br>Email: DTINGUE@TINGUE.COM | Trade Debt | | | | $192,606 |
| 15 | THE COMPLETE LOGISTICS CO<br>1670 S ETIWANDA AVE<br>ONTARIO, CA 91761 | RICK WHEELER<br>PRESIDENT<br><br>Phone: (909) 544-5040<br>Fax: (800) 397-6909<br>Email: RWHEELER@LOGISTICSINC.COM | Trade Debt | | | | $190,895 |
| 16 | GOLDEN STAR INC<br>6445 METCALF AVENUE<br>OVERLAND PARK, KS 66202 | GARY GRADINGER<br>PRESIDENT & CEO<br><br>Phone: (816) 842-0233<br>Fax: (816) 842-1129<br>Email: GOLDENSTAR@GOLDENSTAR.COM | Trade Debt | | | | $189,330 |
| 17 | RYDER TRANSPORTATION SERV<br>11690 NW 105TH STREET<br>MIAMI, FL 33178 | ART A. GARCIA<br>CHIEF FINANCIAL OFFICER<br><br>Phone: (305) 500-3726<br>Fax: (305) 500-4579<br>Email: CUSTOMER_SERVICE-US@RYDER.COM | Trade Debt | | | | $186,729 |
| 18 | CENTIMARK CORPORATION<br>12 GRANDVIEW CIRCLE<br>CANONSBURG, PA 15317 | EDWARD B. DUNLAP<br>CHIEF EXECUTIVE OFFICER<br><br>Phone: (724) 514-8700<br>Fax: (724) 743-7790<br>Email: TECHNOLOGY@CENTIMARK.COM | Trade Debt | | | | $182,109 |
| 19 | PENSION BENEFIT GUARANTY CORPORATION<br>1200 K STREET, NW, SUITE 340<br>WASHINGTON, DC 20005-4026 | COUNSEL<br>OFFICE OF THE CHIEF COUNSEL<br><br>Phone: (202) 326-4020<br>Fax: (202) 326-4112 | Pension Liability | Contingent & Unliquidated | | | Undetermined |
| 20 | NATIONAL RETIREMENT FUND<br>6 BLACKSTONE VALLEY PLACE<br>SUITE 302<br>LINCOLN, RI 02865-1112 | RICHARD N. RUST<br>FUND MANAGER<br><br>Phone: (401) 334-4155<br>Fax: (401) 334-5133 | Partial Pension Withdrawal | Contingent, Unliquidated & Disputed | | | Undetermined |

**Fill in this information to identify the case:**

Debtor name: Angelica Corporation

United States Bankruptcy Court for the Southern District of New York
(State)

Case number (*If known*): _____

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule* ____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official  Form 204)
- ☐ *Other document that requires a declaration* _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 3, 2017
MM / DD / YYYY

X /s/ John Makuch
Signature of individual signing on behalf of debtor

John Makuch
Printed name

Interim Chief Financial Officer
Position or relationship to debtor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                               :        Chapter 11
                                                    :
**ANGELICA CORPORATION,** *et al.*,                 :        Case No. 17-_____ (___)
                                                    :
Debtors.[1]                                         :        (Joint Administration Pending)
                                                    :
------------------------------------------------------------x

### DEBTORS' CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT TO FED. R. BANKR. P. 1007(a)(1) AND 7007.1 AND LOCAL RULE 1007-3

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, and Rule 1007-3 of the Local Bankruptcy Rules for the Southern District of New York, Angelica Corporation and its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases, respectfully represent as follows:

1. As of the date hereof, only Trilantic Capital Partners is a corporation that directly or indirectly owns 10% or more of Clothesline Holdings, Inc.'s equity interests.

2. Clothesline Holdings, Inc. owns one hundred percent (100%) of the equity interests of Angelica Corporation.

3. Angelica Corporation owns one hundred percent (100%) of the equity interests of Angelica Textile Services, Inc. (New York) and Angelica Textile Services, Inc. (California).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Angelica Corporation (5260); Clothesline Holdings, Inc. (1081); Angelica Textile Services, Inc.–NY (6508); Royal Institutional Services, Inc. (8906); and Angelica Textile Services, Inc.–CA (5010). The location of the Debtors' corporate headquarters is 1105 Lakewood Parkway, Suite 210, Alpharetta, Georgia 30009.

4. Angelica Textile Services, Inc. (New York) owns one hundred percent (100%) of the equity interests of Royal Institutional Services, Inc.

Dated: April 3, 2017
New York, New York

          ANGELICA CORPORATION
          (for itself and on behalf of its affiliates
          as Debtors and Debtors in Possesion)


          /s/ John Makuch
          NAME: John Makuch
          TITLE: Interim Chief Financial Officer

**<u>Exhibit A</u>**

**Organizational Chart**

17-10870-jlg    Doc 1    Filed 04/03/17    Entered 04/03/17 06:34:42    Main Document
Pg 16 of 18

# Angelica Organizational Chart



**Fill in this information to identify the case:**

Debtor name: Angelica Corporation

United States Bankruptcy Court for the Southern District of New York
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ *Other document that requires a declaration*   Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  April 3, 2017
MM / DD / YYYY

X  /s/ John Makuch
Signature of individual signing on behalf of debtor

John Makuch
Printed name

Interim Chief Financial Officer
Position or relationship to debtor