WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Matthew S. Barr
Jill Frizzley
Kevin Bostel

*Proposed Counsel for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------x | | |
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **ANGELICA TEXTILE SERVICES, INC.—NY,** | : | **17-[_____] (__)** |
| | : | |
| **Debtor.** | : | |
| | : | |
| Fed. Tax Id. No. 43-1096508 | : | |
| ------------------------------------------------------------x | | |
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **ANGELICA CORPORATION,** | : | **17-[_____] (__)** |
| | : | |
| **Debtor.** | : | |
| | : | |
| Fed. Tax Id. No. 43-0905260 | : | |
| ------------------------------------------------------------x | | |
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **CLOTHESLINE HOLDINGS, INC.,** | : | **17-[_____] (__)** |
| | : | |
| **Debtor.** | : | |
| | : | |
| Fed. Tax Id. No. 26-2971081 | : | |
| ------------------------------------------------------------x | | |

```
------------------------------------------------------------x
In re:                                          :    Chapter 11 Case No.
                                                :
ANGELICA TEXTILE SERVICES, INC.—CA,             :    17-[_____] (__)
                                                :
              Debtor.                           :
                                                :
Fed. Tax Id. No. 95-2505010                     :
------------------------------------------------------------x
In re:                                          :    Chapter 11 Case No.
                                                :
ROYAL INSTITUTIONAL SERVICES, INC.,             :    17-[_____] (__)
                                                :
              Debtor.                           :
                                                :
Fed. Tax Id. No. 04-3088906                     :
------------------------------------------------------------x
```

**MOTION OF DEBTORS PURSUANT TO
FED. R. BANKR. P. 1015(b) FOR ENTRY OF ORDER
DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Angelica Corporation ("**Angelica Corp.**") and its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent:

**Background**

1. On the date hereof (the "**Commencement Date**"), the Debtors each commenced with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2. Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the

2

Declaration of John Makuch Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, sworn to on the date hereof (the "**Makuch Declaration**"), which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.

## Jurisdiction

3.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C.  §§ 1408 and 1409.

## Relief Requested

4.      By this Motion, the Debtors request entry of an order directing joint administration of these chapter 11 cases for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  In addition, the Debtors respectfully request that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to Angelica Corp., and that these chapter 11 cases be jointly administered under the following consolidated caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
| | |
|---|---|
| **In re:** : | |
| : | **Chapter 11** |
| **ANGELICA CORPORATION,** *et al.,* : | |
| : | **17-[_____] (___)** |
| : | |
| **Debtors.**[1] : | **(Jointly Administered)** |

-------------------------------------------------------------x

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows:  Angelica Corporation (5260); Clothesline Holdings, Inc. (1081); Angelica Textile Services, Inc.–NY (6508); Royal Institutional Services, Inc. (8906); and Angelica Textile Services, Inc.–CA (5010).  The location of the Debtors' corporate headquarters is 1105 Lakewood Parkway, Suite 210, Alpharetta, Georgia 30009.

3

5. The Debtors further request the Court's direction that a notation substantially similar to the following language be entered on the docket maintained by the Clerk of the Court to reflect the joint administration of the Debtors' chapter 11 cases:

> An Order has been entered in accordance with rule 1015(b) of the Bankruptcy Rules directing the procedural consolidation and joint administration of the chapter 11 cases of Angelica Corporation; Clothesline Holdings, Inc.; Angelica Textile Services, Inc.; Angelica Textile Services, LLC; and Royal Institutional Services, Inc. The docket in Case No. 17-[____] (___) should be consulted for all matters affecting the case.

6. Finally, the Debtors seek authority to file the monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the Executive Office of the U.S. Trustee (revised November 27, 2013) on a consolidated basis.

7. A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "**Proposed Order**").

## Relief Requested Should be Granted

8. On the date hereof, the Debtors commenced the above-captioned chapter 11 cases by filing the appropriate petitions with the Court. As set forth in the Makuch Declaration, there are five Debtors, with approximately 16,000 creditors and other parties in interest in these chapter 11 cases. Joint administration will allow for the efficient and convenient administration of the Debtors' interrelated chapter 11 cases, will yield significant cost savings, and will not prejudice the substantive rights of any party in interest.

9. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against… a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). As set forth in the Makuch Declaration, the Debtors in these chapter 11 cases are "affiliates" as that term is defined

4

in section 101(2) of the Bankruptcy Code. Accordingly, the Court is authorized to grant the relief requested herein.

10. As set forth in the Makuch Declaration, the Debtors operate as an integrated national business with common ownership and control. The Debtors also share a number of financial and operational systems. As a result, many of the motions, hearings and orders that will arise in these cases will affect each and every Debtor. Joint administration of these chapter 11 cases therefore will reduce fees and costs by avoiding duplicative filings, objections, notices, and hearings. Joint administration also will allow the United States Trustee (the "**U.S. Trustee**") and all other parties in interest to monitor these chapter 11 cases with greater ease and efficiency.[1]

11. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion only requests administrative—and not substantive—consolidation of the Debtors' estates. For example, any creditor still may file a claim against a particular Debtor or its estate (or against multiple Debtors and their respective estates) and intercompany claims among the Debtors will not be affected.

## Notice

12. Notice of this Motion has been provided to (i) the Office of the United States Trustee for Region 2; (ii) the holders of the four largest secured claims against the Debtors (on a consolidated basis); (iii) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (iv) counsel for Wells Fargo Capital Finance, LLC, as agent and lender under that certain Loan and Security Agreement, dated as of July 15, 2011 (as modified, supplemented, or amended from time to time); (v) counsel for Cortland Capital Market Services

---

[1] Certain information in the Debtors' Monthly Operating Reports—including receipts, disbursements, profit and loss statements, and balance sheets—shall be provided on a Debtor-by-Debtor basis.

5

LLC, as agent under that certain Amended and Restated Loan and Security Agreement, dated July 12, 2016 (as thereafter amended or modified from time to time, the "**Term Loan Credit Agreement**"); (vi) counsel for KKR Credit Advisors (US) LLC, as lenders under the Term Loan Credit Agreement; (vii) counsel for the DIP Lenders (as defined in the Makuch Declaration); (viii) the Unions (as defined in the Debtors' *Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363 and 507(a) for Interim and Final Authority to (I) Pay Certain Prepetition Wages and Reimbursable Employee Expenses, (II) Pay and Honor Employee Medical and Other Benefits, and (III) Continue Employee Benefits Programs, and for Related Relief*, filed contemporaneously herewith) and their counsel, if any; (ix) the Securities and Exchange Commission; (x) the Internal Revenue Service; and (xi) the United States Attorney's Office for the Southern District of New York.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

13. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WEIL:\95936870\7\15465.0003

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: April 3, 2017
      New York, New York

                      /s/ Matthew S. Barr
                      WEIL, GOTSHAL & MANGES LLP
                      767 Fifth Avenue
                      New York, New York  10153
                      Telephone:  (212) 310-8000
                      Facsimile:  (212) 310-8007
                      Matthew S. Barr
                      Jill Frizzley
                      Kevin Bostel

                      *Proposed Counsel for Debtors*
                      *and Debtors in Possession*

# Exhibit A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **ANGELICA TEXTILE SERVICES, INC.—NY,** | : | **17-[_____] (__)** |
| | : | |
| Debtor. | : | |
| | : | |
| **Fed. Tax Id. No. 43-1096508** | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **ANGELICA CORPORATION,** | : | **17-[_____] (__)** |
| | : | |
| Debtor. | : | |
| | : | |
| **Fed. Tax Id. No. 43-0905260** | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **CLOTHESLINE HOLDINGS, INC.,** | : | **17-[_____] (__)** |
| | : | |
| Debtor. | : | |
| | : | |
| **Fed. Tax Id. No. 26-2971081** | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **ANGELICA TEXTILE SERVICES, INC.—CA,** | : | **17-[_____] (__)** |
| | : | |
| Debtor. | : | |
| | : | |
| **Fed. Tax Id. No. 95-2505010** | : | |

------------------------------------------------------------x

1

```
-----------------------------------------------------------x
In re:                                              :        Chapter 11 Case No.
                                                    :
ROYAL INSTITUTIONAL SERVICES, INC.,                 :        17-[_____] (__)
                                                    :
                        Debtor.                     :
                                                    :
Fed. Tax Id. No. 04-3088906                         :
-----------------------------------------------------------x
```

**ORDER PURSUANT TO FED. R. BANKR. P. 1015(B)**
**DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

Upon the motion of Angelica Corporation and certain of its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only (the "**Motion**"),[1] all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the Declaration of John Makuch Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, filed contemporaneously with the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

Motion, the record of the Hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors' chapter 11 cases are hereby consolidated for procedural purposes only and shall be jointly administered by this Court; and it is further

ORDERED that nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the Debtors' chapter 11 cases; and it is further

ORDERED that the caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | |
| | : | **Chapter 11** |
| **ANGELICA CORPORATION,** *et al.,* | : | |
| | : | **17-[_____] (___)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------x

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Angelica Corporation (5260); Clothesline Holdings, Inc. (1081); Angelica Textile Services, Inc.–NY (6508); Royal Institutional Services, Inc. (8906); and Angelica Textile Services, Inc.–CA (5010). The location of the Debtors' corporate headquarters is 1105 Lakewood Parkway, Suite 210, Alpharetta, Georgia 30009.

; and it is further

3

ORDERED that a docket entry shall be made in the chapter 11 cases of Angelica Corporation; Clothesline Holdings, Inc.; Angelica Textile Services, Inc.; Angelica Textile Services, LLC; and Royal Institutional Services, Inc. substantially as follows:

> An Order has been entered in accordance with rule 1015(b) of the Bankruptcy Rules directing the procedural consolidation and joint administration of the chapter 11 cases of Angelica Corporation; Clothesline Holdings, Inc.; Angelica Textile Services, Inc.; Angelica Textile Services, LLC; and Royal Institutional Services, Inc. The docket in Case No. 17-[____] (___) should be consulted for all matters affecting the case.

; and it is further

ORDERED that the Debtors may file their monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the Executive Office of the U.S. Trustee (revised November 27, 2013), by consolidating the information required for each Debtor in one report; provided that, certain information—including receipts, disbursements, profit and loss statements, and balance sheets—shall be provided on a Debtor-by-Debtor basis; and it is further

ORDERED that the Debtors are authorized to take all action necessary to carry out this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2017
     New York, New York

                                             _____
                                             UNITED STATES BANKRUPTCY JUDGE