UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re                                          :        Chapter 11
                                               :
ANGELICA CORPORATION, *et al.*,                :        Case No. 17-10870 (JLG)
                                               :
                    Debtors.[1]                :        (Jointly Administered)
                                               :
---------------------------------------------------------------x

**STIPULATION AND AGREEMENT BETWEEN
DEBTORS AND MED ONE CAPITAL FUNDING, LLC
RESOLVING CURE DISPUTE AND ESTABLISHING CURE AMOUNT**

This stipulation and agreement (the "**Stipulation and Agreement**") is entered into by and among Angelica Corporation and its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and Med One Capital Funding, LLC (the "**Counterparty**" and, together with the Debtors, the "**Parties**"). The Parties hereby stipulate and agree as follows:

**RECITALS**

A. On April 3, 2017 (the "**Commencement Date**"), the Debtors each commenced with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

B. On the Commencement Date, the Debtors filed a stalking horse asset purchase agreement by and among the Debtors, 9W Halo Holdings L.P. (the "**Purchaser**"), and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Angelica Corporation (5260); Clothesline Holdings, Inc. (1081); Angelica Textile Services, Inc.–NY (6508); Royal Institutional Services, Inc. (8906); and Angelica Textile Services, Inc.–CA (5010). The location of the Debtors' corporate headquarters is 1105 Lakewood Parkway, Suite 210, Alpharetta, Georgia 30009.

Cortland Capital Market Services LLC, dated as of April 3, 2017 (the "**Purchase Agreement**") for the sale of substantially all of the Debtors' assets (the "**Sale Transaction**").

C. Under the procedures approved in connection with the Sale Transaction, the Debtors have provided notice of their intent to assume and assign certain contracts and unexpired leases. Specifically, pursuant to those procedures, on May 1, 2017, the Debtors served notices of assumption, assignment, and cure amount on counterparties to executory contracts and unexpired leases proposed to be assumed and assigned in connection with the Sale Transaction.

D. On June 6, 2017, the Counterparty filed an objection (the "**Cure Objection**") [Docket No. 226] in the Debtors' chapter 11 case asserting an outstanding cumulative cure amount of $263,767.39 (the "**Alleged Cure Claim**") relating to the twenty-four (24) Linen Control Subscription Agreements (collectively, the "**Med One Contracts**") between the Parties, identified in the Cure Objection.

E. The Debtors have determined to reject eighteen (18) of the Med One Contracts (collectively, the "**Rejected Med One Contracts**") by and between the Debtors and the Counterparty and, in consultation with the Counterparty, will assume and assign the six (6) of the Med One Contracts (collectively, the "**Assumed Med One Contracts**")[2] according to the terms of this Stipulation and Agreement. The Parties have consensually resolved the Cure Objection and Alleged Cure Claim on the terms and conditions set forth herein.

---

[2] For the avoidance of doubt, the six (6) Med One Contracts comprising the Assumed Med One Contracts proposed to be assumed and assigned are identified in the Debtors' internal database by CMS numbers CMS004795, CMS005340, CMS006514, CMS006993, CMS004721, and CMS006532.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THAT:**

## AGREEMENT

1. The Counterparty shall have a total allowed cure claim for the Assumed Med One Contracts in the amount of $88,576.00, <u>plus</u> any and all additional regular monthly lease payments that come due and owing under each of the Assumed Med One Contracts in the ordinary course of business after June 30, 2017, and through the date of the Closing (as such term is defined in the Purchase Agreement), and exclusive of any late fees that may otherwise accrue, if any (the "**Agreed Cure Amount**").

2. In accordance with the Purchase Agreement, on or before the Closing (as such term is defined in the Purchase Agreement), the Purchaser shall make or cause to be made a payment of the Agreed Cure Amount to the Counterparty in full and final satisfaction of all claims (as defined in the Bankruptcy Code) asserted or that could have been asserted under or in connection with the Assumed Med One Contracts by the Counterparty against the Debtors. For the avoidance of doubt, the foregoing satisfaction and waiver of claims shall (i) apply only upon the express condition that the Assumed Med One Contracts are in fact assumed by the Debtor and assigned to Purchaser in connection with the Closing and the Purchaser in fact pays Counterparty the Agreed Cure Amount; and (ii) apply to the Assumed Med One Contracts only, and not to any other claims Counterparty has or may have against the Debtors including, but not limited to, any claims relating to the Rejected Med One Contracts.

3. Upon execution of this Stipulation and Agreement, the Cure Objection shall be deemed withdrawn. In the event that this Stipulation and Agreement is not approved by the Court, or the Debtor subsequently seeks to assume and assign any of the Rejected Med One

Contracts in connection with the Closing or otherwise, Med One reserves its right to renew the Cure Objection or to assert any other objection.

4. This Stipulation and Agreement in and of itself does not constitute an assumption of any of the Med One Contracts and this Stipulation and Agreement in and of itself does not convert any prepetition claims against the Debtors into postpetition claims and shall not have the effect of conferring administrative priority upon such prepetition claims.

5. This Stipulation and Agreement may not be modified, amended, or vacated other than by a signed writing executed by the Parties.

6. Each person who executes this Stipulation and Agreement on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Agreement on behalf of such Party.

7. This Stipulation and Agreement may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Evidence of execution of this Stipulation and Agreement may be exchanged by facsimile or by electronic transmission of a scanned copy of the signature pages or by exchange of originally signed document, each of which shall be as fully binding on the party as a signed original.

8. The Parties irrevocably and unconditionally agree that the Bankruptcy Court shall retain exclusive jurisdiction to interpret, implement, and enforce the provisions of this Stipulation and Agreement.

| Dated: June 22, 2017 | Dated: June 22, 2017 |
|---|---|
| By:   /s/ Jonathan S. Bodner<br>Jonathan S. Bodner<br>BODNER LAW PLLC<br>40 Cutter Mill Road<br>Suite # 301<br>Great Neck, New York 11021<br>Telephone: (516) 444-3923<br>Facsimile: (516) 444-3924<br><br>-and-<br><br>David H. Leigh, Esq.<br>RAY QUINNEY & NEBEKER, P.C.<br>36 South State Street<br>Suite# 1400<br>Salt Lake City, UT 84145-0385<br>Telephone: (801) 532-1500<br>Facsimile: (801) 532-7543<br><br>*Attorneys for Med One Capital Funding, LLC* | By:   /s/ Matthew S. Barr<br>Matthew S. Barr<br>Jill Frizzley<br>Kevin Bostel<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>*Counsel for Debtors<br>and Debtors in Possession* |