**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RFID CORPORATION, *et al.*,<br>f/k/a ANGELICA CORPORATION<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 17-10870 (JLG)<br><br>(Jointly Administered) |

**FINAL DECREE PURSUANT TO 11 U.S.C. § 350(a) AND**
**FED. R. BANKR. P. 3022 CLOSING CHAPTER 11 CASES**

Upon the motion, dated May 1, 2020 (the "Motion"),[2] of Peter Kravitz, the plan administrator ("Plan Administrator") under the confirmed *Third Amended Joint Chapter 11 Plan of Debtors and Debtors in Possession* [Docket No. 544-1] of RFID Corporation (f/k/a Angelica Corporation) and its affiliated debtors (collectively, the "Debtors"), pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, for entry of a final decree closing all of the chapter 11 cases listed on Annex 1 hereto, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and the Court having found and determined that the relief

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: RFID Corporation f/k/a Angelica Corporation (5260); Clothesline Holdings, Inc. (1081); RFID Textile Services, Inc.–NY f/k/a Angelica Textile Services, Inc.–NY (6508); Royal Institutional Services, Inc. (8906); and RFID Textile Services, Inc.–CA f/k/a Angelica Textile Services, Inc.–CA (5010). The location of the Debtors' corporate headquarters is 1105 Lakewood Parkway, Suite 210, Alpharetta, Georgia 30009.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

56467/0003-20402337v1

sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Motion is granted; and it is further

ORDERED that, pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 3022-1, the jointly administered cases listed on Annex 1 hereto are hereby closed effective as of May 31, 2020; *provided*, *however*, that the Court shall retain such jurisdiction as is provided in Section 13 (Retention of Jurisdiction) of the Plan, and the entry of this Final Decree is without prejudice to the rights of the Debtors or any party in interest to seek to reopen the Debtors' chapter 11 cases for cause shown; and it is further

ORDERED that the appointment and services of Prime Clerk, LLC ("Prime Clerk") as the claims and noticing agent in these chapter 11 cases shall be terminated effective as of the entry of this Final Decree, provided that Prime Clerk shall as soon as practicable provide to the office of the Clerk of the Court (the "Clerk's Office") the final version of the official claims registers of each of the Debtors pursuant to any current guidelines implementing 28 U.S.C. § 156(c); and it is further

ORDERED that Prime Clerk will be responsible for boxing and transporting all original proofs of claim, in proper format, as provided by the Clerk's Office, to (i) the Federal Archives Record Administration or (ii) any other location requested by the Clerk's Office.  Prime Clerk is authorized to shred or otherwise dispose of all noticing and other documents that have been returned by the post office as undeliverable mail; and it is further

ORDERED that within twenty (20) business days following receipt of the Tax Refund, the Plan Administrator shall (i) file and serve his final post-confirmation quarterly report and

(ii) pay all U.S. Trustee fees due and owing for the closed cases, together with any statutory interest accrued thereon; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Final Decree.

Dated: New York, New York
      May 29, 2020

/s/ *James L. Garrity, Jr.*
HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE

# ANNEX 1

## DEBTORS' CHAPTER 11 CASES

| **Debtor Name** | **Case No.** |
|---|---|
| RFID Textile Services, Inc.–NY f/k/a Angelica Textile Services, Inc.–NY | 17-10869 (JLG) |
| RFID Corporation f/k/a Angelica Corporation | 17-10870 (JLG) |
| Clothesline Holdings, Inc. | 17-10871 (JLG) |
| RFID Textile Services, Inc.–CA f/k/a Angelica Textile Services, Inc.–CA | 17-10872 (JLG) |
| Royal Institutional Services, Inc. | 17-10873 (JLG) |